FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 29 2022

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CODY BROWN, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 4:22-cv-600-BRW

This case assigned to District Judge **Wilson**
and to Magistrate Judge **Ervin**

**TRANSCO LINES, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Cody Brown ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant Transco Lines, Inc. ("Defendant"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated proper minimum wage and overtime compensation for all hours worked in excess of forty per week.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Arkansas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. The acts and omissions complained of herein occurred within the Central Division of the Central District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Yell County.

8. Defendant is a domestic, for-profit corporation.

9. Defendant's registered agent for service of process is Ryan B. Jones at 401 North Arkansas Avenue, Russellville, Arkansas 72801.

10. Defendant maintains a website at http://transcolines.com/.

## IV. FACTUAL ALLEGATIONS

11. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

13. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

14. Plaintiff was employed by Defendant within the three years preceding the filing of this lawsuit.

15. Specifically, Plaintiff worked for Defendant as a Recovery Driver from December of 2021 until February of 2022, and again from March of 2022 until April of 2022.

16. Defendant also employed other Recovery Drivers within the three years preceding the filing of this Complaint.

17. Plaintiff's primary duty was to transport abandoned trucks from around the country back to Defendant's facilities in North Little Rock, Arkansas.

18. Other Recovery Drivers had the same or substantially similar duties as Plaintiff.

19. At all relevant times herein, Defendant directly hired Recovery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. At all times material herein, Plaintiff and other Recovery Drivers have been entitled to the rights, protections and benefits provided under the FLSA.

21. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

22. Other Recovery Drivers were also classified as exempt from the overtime requirements of the FLSA.

23. Defendant paid Plaintiff a piece rate of $250 per truck recovered, plus $0.50 per mile traveled in the truck.

24. Other Recovery Drivers were paid in the same or substantially similar manner as Plaintiff.

25. Plaintiff regularly worked more than forty hours per week.

26. Upon information and belief, other Drivers regularly or occasionally worked more than forty hours in a week.

27. Plaintiff and other Recovery Drivers tracked their time driving the recovered trucks in an electronic logbook.

28. However, Defendant did not provide Plaintiff and other Recovery Drivers with a timekeeping system by which to keep track of their hours worked other than when they were driving a recovered truck, such as time spent traveling to a truck's location.

29. Defendant assigned so much work to Plaintiff and other Recovery Drivers that they often could not complete the work in under 40 hours per week.

30. Defendant knew or should have known that Plaintiff and other Recovery Drivers were working hours over 40 in at least some weeks.

31. Defendant did not pay Plaintiff or other Recovery Drivers an overtime premium for hours worked over forty per week.

32. Plaintiff and other Recovery Drivers were not paid for days they did not work. In other words, their pay was docked when they worked fewer hours.

33. Plaintiff and other Recovery Drivers did not receive a weekly minimum guarantee pursuant to 29 C.F.R. § 541.604(b).

34. Upon information and belief, in some weeks Plaintiff worked so many hours that his constructive hourly rate fell below the statutory minimum.

35. Plaintiff and other Recovery Drivers regularly drove vehicles which were under 10,000 pounds.

36. Plaintiff regularly paid for rental cars, fuel for rental cars and hotel rooms out of his own pocket and submitted his receipts to Defendant for reimbursement.

37. Defendant did not always reimbursement Plaintiff for all of his expenses.

38. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

39. Defendant failed to reimburse Plaintiff for the expenses incurred on Defendant's behalf. Plaintiff therefore "kicked back" that amount to Defendant, creating additional minimum wage and overtime violations. *See* 29 C.F.R. § 531.35.

40. Defendant has deprived Plaintiff and other Recovery Drivers of a proper minimum wage, and a proper overtime compensation for all the hours worked over forty per week.

41. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty in any week;

B. Liquidated damages; and

C. Attorneys' fees.

43. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. Plaintiff proposes the following collective under the FLSA:

**All Recovery Drivers within the past three years.**

46. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were paid per truck recovered and per mile driven;

B. They were not paid an overtime premium for hours worked in excess of forty per week;

    C.    They worked more than 40 hours in at least one week within the three years preceding the filing of this lawsuit; and

    D.    They had the same or similar job duties.

47.    Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 10 persons.

48.    Defendant can readily identify the members of the Section 16(b) collective, who are a certain portion of the current and former employees of Defendant.

49.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

50.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51.    At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

52.    At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

54. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

55. Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

56. Defendant knew or should have known that its actions violated the FLSA.

57. Defendants' conduct and practices, as described above, were willful.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

59. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendant has been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

62. Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

63. Defendant failed to pay Plaintiff and all others similarly situated for all hours worked, including 1.5x their regular rate for all hours worked in excess of forty hours per week.

64. Defendant knew or should have known that its actions violated the FLSA.

65. Defendants' conduct and practices, as described above, were willful.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

67. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

68. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

69. Defendant misclassified Plaintiff as exempt from the requirements of the AMWA.

70. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

71. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times her regular rate of pay for all hours worked over 40 each week.

72. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

73. Defendant's failure to pay Plaintiff wages owed was willful.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cody Brown, individually and on behalf all others similarly situated, respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and their related regulations;

C.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D.   Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

E.   Judgment for liquidated damages pursuant to the FLSA, the AMWA and their related regulations;

F.   An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CODY BROWN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com